# CRIMINAL MINUTES ARRAIGNMENT
## ATLANTA DIVISION

DATE: 6/2/05 TIME: 11:30 a.m.

HONORABLE THOMAS W. THRASH, PRESIDING

Sheila Sewell, Deputy Clerk Darla Coulter, Court Reporter

CASE NO. 1:04cr628-TWT DEFENDANT: JOSEPH T. GONCALVES

AUSA: Joy Fortson DEFENDANT ATTORNEY: Jeff Ertel

**Plea agreement, filed.**

Interpreter sworn -

x Defendant informed of rights

x Defendant enters plea of **GUILTY** counts 1

Defendant enters plea of **NOLO CONTENDERE** counts

x Limited Waiver of Appeal contained in the plea agreement

x Sentencing set for 8/16/05

Copies of notice to: x deft., x Cnsl., x USA, x USM, x USPO, Surety

x Government to dismiss remaining counts at sentencing.

Court adjourned at 12:00 noon as to this case.

**TIME SPENT IN COURT: HR. 30 MIN.**

T:\S T S\MINUTES\CRIMINAL\2005\06\06-02-1

# GUILTY PLEA and PLEA AGREEMENT

*United States Attorney*
*Northern District of Georgia*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL NO. 1:04-CR-628--TWT

**JOSEPH TEXIERA GONCALVES**, defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Count One thereof. This is a **BINDING PLEA** pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C. The defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

1. The defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count One of the Indictment.

2. The defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the defendant would have the right to an attorney, and if the defendant could not afford an attorney, the Court would appoint one to represent the defendant. During the trial, the defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the witnesses against him. If the defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the defendant did not wish to testify, that fact could not be used against him. If the defendant were found guilty after a trial, he would have the right to appeal the conviction. The defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind. The defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the sentence in post-conviction proceedings. By entering this Plea Agreement, the defendant may be waiving some or all of those rights to appeal or collaterally attack his sentence, as specified below. Finally, the defendant

understands that, to plead guilty, he may have to answer questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

3. The defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

(a) Maximum term of imprisonment: 10 years

(b) Mandatory minimum term of imprisonment: None

(c) Term of supervised release: 3 years

(d) Maximum fine: $250,000.00.

(e) Full restitution to all victims of the offense(s) and relevant conduct.

(f) Mandatory special assessment: $100.00.

The defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines. Ultimately, it is within the Court's discretion to impose a sentence up to and including the statutory maximum. The defendant also understands that no one can predict his exact sentence at this time.

4. The Government will recommend that the defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the defendant falsely deny or falsely attempt to minimize his involvement in relevant offense conduct, give conflicting statements about his involvement, fail to pay the special assessment, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

Case 1:04-cr-00628-TWT-CCH Document 22 Filed 06/02/2005 Page 4 of 8

5. The defendant agrees that a sentencing guidelines sentence is reasonable. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government and the defendant agree that the following guideline applications apply: (1) Section 2K2.1 is the appropriate section to determine the advisory guideline calculations in this case; (2) pursuant to U.S.S.G. 2K2.1(a)(6) the base offense level is 14; (3) pursuant to U.S.S.G. 2K2.1(b)(1)(A), the offense level is increased by 2 because between 3 to7 guns were involved; and pursuant to 2K2.1(b)(4) the offense level is increased by 2 because all of the firearms were stolen. Further, the parties agree that the following criminal history calculation is appropriate: 1 point for a 2000 conviction for simple assault; 1 point for a 1998 conviction for possession of marijuana; and 1 point for a 1999 conviction for carrying a concealed weapon. Thus, the parties agree that the total Criminal History score should be 3 points for a Criminal History Category of II. The parties further agree, based on these calculations, that after an adjustment for acceptance of responsibility, the defendant's offense level would be 15, with a criminal history category of II and a resulting advisory guideline range of 21-27 months.

6. The Government agrees to recommend that the defendant be sentenced to the low-end of the applicable guideline range.

7. The Government agrees that upon the sentencing of the defendant, and with leave of the Court, it will file a dismissal of Count Two of the Indictment pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines.

8. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or

restitution. The defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the defendant and his counsel agree that Government officials may contact the defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

9. The defendant understands that the Court will order him to pay a special assessment in the amount of $100.00.

10. The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

11. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal sentence and the right to collaterally attack sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of (1) an upward departure from the otherwise applicable sentencing guideline range; and/or (2) a custodial sentence of greater than 27 months; but in such an appeal, the defendant will not challenge any guideline computation jointly recommended by the Government and the defendant in this Plea Agreement and adopted by the Court at sentencing. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of sentence.

12. The parties agree that no biological evidence ( as defined in 18 USC § 3600A) has been identified in this case; therefore, the defendant understands and agrees that no evidence will be preserved for DNA testing.

13. The Government and the defendant understand that the Court retains complete discretion to accept or reject the agreed upon sentence recommendation set forth in ¶ 4 of this agreement. The parties understand that if the Court does not accept the recommended sentence, then, pursuant to Federal Rule of Criminal Procedure 11(c)(5), the Court will give the defendant the opportunity to withdraw his guilty plea.

14. There are no other agreements, promises, representations, or understandings between the defendant and the Government.

In Open Court this 2nd day of ~~May,~~ June 2005.

SIGNATURE (Attorney for Defendant)
Jeff Ertel

SIGNATURE (Assistant U.S. Attorney)
Joy Lampley Fortson

SIGNATURE (Approving Official)
Sheila Arnum

5-13-05
DATE

SIGNATURE (Defendant)
Joseph Texiera Goncalves

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching

a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

Joseph Goncalves — June 2, 2005

SIGNATURE (Defendant) DATE

I am JOSEPH TEXIERA GONCALVES's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

June 2, 2005

SIGNATURE (Defense Attorney) DATE

INFORMATION BELOW MUST BE TYPED OR PRINTED

Jeff Ertel
NAME (Attorney for Defendant)

Joseph Texiera Goncalves
NAME (Defendant)

100 Peachtree Street, NW, Suite 1700
STREET

STREET

Atlanta, Georgia 30303
CITY & STATE ZIP CODE

CITY & STATE ZIP CODE

PHONE NUMBER ______________

PHONE NUMBER ______________

STATE BAR OF GEORGIA NUMBER ______________

Filed in Open Court

FILED IN OPEN COURT
U.S.D.C. Atlanta

By JUN 2 2005

LUTHER D. THOMAS, Clerk
Deputy Clerk

**U. S. DEPARTMENT OF JUSTICE**
**Statement of Special Assessment Account**

**This statement reflects your special assessment only. There may be other penalties imposed at sentencing.**

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:04-CR-628--TWT |
| DEFENDANT'S NAME: | JOSEPH TEXIERA GONCALVES |
| PAY THIS AMOUNT: | **$100.00** |

**INSTRUCTIONS:**

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

   CLERK OF COURT, U.S. DISTRICT COURT

   ***PERSONAL CHECKS WILL NOT BE ACCEPTED***

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

   Clerk of Court, U.S. District Court
   2211 U.S. Courthouse
   75 Spring Street, S.W.
   Atlanta, Georgia 30303

   (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA