UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 06-68T
:
JOSEPH T. GONCALVES :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on June 19, 2006, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge Ernest C. Torres. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of ten (10) months of incarceration, followed by a term of supervised release for a period of twenty-six (26) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and that Defendant submit to no more than seventy-two urine**

**specimens per calendar year to determine whether Defendant has reverted to the use of drugs and/or alcohol.**

**Background**

On August 23, 2005, Defendant appeared before District Judge Thomas W. Thrash, Jr., Northern District of Georgia, following a guilty plea to possession of a firearm by a convicted felon in violation of Title 18 U.S.C. § 922(g). Defendant was sentenced to twenty-one months' imprisonment and three years' supervised release. Supervised released commenced on April 27, 2006 with an expiration date of April 26, 2009. On June 2, 2006, jurisdiction was transferred from the Northern District of Georgia to the District of Rhode Island.

On May 25, 2006, a supervised release warrant for Defendant's arrest was issued by the Northern District of Georgia. Defendant was arrested in Rhode Island and appeared in this Court for a probation violation hearing on June 19, 2006 at which time Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervised release, the Defendant shall not commit another federal, state or local crime. The Defendant shall not illegally possess a controlled substance.**
>
> On May 17, 2006, Defendant committed the offenses of driving a motor vehicle without consent of the owner and obstructing a police officer.[1]

---

[1] This violation arises out of a May 17, 2006 traffic stop. Defendant is charged in state court with absconding with a Pawtucket police cruiser. Although Defendant admits to this violation, he did not, with the Government's consent, admit to two sentences in the report regarding statements allegedly made by his sister and another individual to the Pawtucket police. Since these were merely background statements not necessary to prove the underlying violation, this Court agreed to accept Defendant's admission subject to this "caveat."

> **The Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.**
>
> On or about May 12, 2006, Defendant absconded from supervision and has not resided at his residence of record.
>
> **The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotics or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substances.**
>
> On May 2, 2006, during his first office visit after being released from prison, Defendant provided a urine sample which tested positive for cocaine and marijuana. After being placed on the Color Code Drug Testing Program, Defendant missed two (2) scheduled urine screens.
>
> **The Defendant shall participate in a drug/alcohol treatment program as directed by the United States Probation Officer and if able, contribute to the cost of services for such treatment.**
>
> After testing positive for cocaine and marijuana, Defendant was referred to outpatient treatment at Providence Community Action but did not follow through with drug treatment.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has not been any term of imprisonment previously imposed for

violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade B violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant

has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. In this case, the second provision applies.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there are no unsatisfied conditions.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of II at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade B violation and has a Criminal History Category of II. Therefore, the applicable range of imprisonment for this violation is six to twelve months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

On September 4, 2003, Defendant was arrested in Bremen, Georgia for stealing five firearms from the display case of a sporting goods department in a local bus depot. Since Defendant had a prior 1999 felony conviction in Rhode Island Superior Court for carrying a pistol without a license, Defendant was indicted for being a felon in possession (18 U.S.C. § 922(g)) as well as for the firearm theft (18 U.S.C. § 922(u)). Defendant is a native of Pawtucket and had moved to Bremen, Georgia to be with his girlfriend and their two young children. At the time of the firearm thefts, Defendant was apparently waiting for a Greyhound bus to head back north and reported that he had drank twelve cans of beer while waiting for the bus and prior to the thefts. Defendant has a history of drug and alcohol abuse.

Defendant entered into a plea agreement in the Georgia case and plead guilty to the felon in possession charge. The firearm theft charge was dismissed. The original pre-sentence report indicated a guideline range of thirty-three to forty-one months. Ultimately, based on the arguments of defense counsel, District Judge Thrash applied a guideline range of twenty-one to twenty-seven months and sentenced Defendant to the low end, i.e., twenty-one months.

Defendant was released from incarceration on April 27, 2006 and his first contact with Probation in this District was on May 2, 2006. Defendant did not make a good first impression. Defendant tested positive for cocaine and marijuana on that day, and later failed to report for urine

screens on May 8 and 18 suggesting continued drug use. Defendant was referred to outpatient substance abuse treatment by his Probation Officer and failed to follow through. Defendant then left his parents' Pawtucket residence and cut off contact with his Probation Officer who did not know Defendant's whereabouts. Finally, Defendant fled a traffic stop on May 17, 2006 by absconding with a police cruiser and was a fugitive for one week.

At the hearing, Defendant admitted to the violations and expressed remorse to the Court. Defendant's attorney indicated that Defendant's unacceptable behavior stemmed from his substance abuse problems and relapse. He argued for a split sentence of six months' incarceration and six months' home confinement with drug treatment. The Government seeks a maximum twelve-month sentence. The applicable guideline range is six to twelve months.

This Court does not believe that a split sentence makes sense in this case. Defendant's recent behavior does not suggest that he would be a good candidate for home confinement at this time. Almost immediately after his release, Defendant reverted to drug use and criminal behavior. Defendant's reckless decision to steal a police cruiser could have resulted in harm to himself, an officer or some other innocent bystander. Although Defendant is fortunate that no such harm resulted, his behavior evidences that he is a danger to the public at this point in time. While this Court concludes that Defendant's admission and remorse for his actions warrants some "credit," his behavior cannot be excused and justifies a strong message. Thus, this Court recommends that Defendant be sentenced to a ten-month period of incarceration for his admitted violations to be followed by twenty-six months of supervised release with the special conditions noted.

## Conclusion

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of ten (10) months of incarceration, followed by a term of supervised release for a period of twenty-six (26) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer and that Defendant submit to no more than seventy-two urine specimens per calendar year to determine whether Defendant has reverted to the use of drugs and/or alcohol.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
June 20, 2006