UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 06-68T |
| | : | |
| JOSEPH T. GONCALVES | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on November 30, 2007, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation.[1] At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Senior Judge Ernest C. Torres. Based upon the following analysis and the admission of Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of nine (9) months of incarceration, followed by a term of supervised release for a period of eighteen (18) months. In addition, Defendant shall spend the first three months of supervised release in an**

[1] Defendant has been held at the ACI on various state matters for several months. On November 13, 2007, Defendant's counsel filed a Motion to determine this pending violation (Document No. 14) in order to allow Defendant to dispose of this case and allow disposition of his pending state charges. Since Defendant is presently a pretrial detainee at the ACI and not serving any state sentence, his appearance in this Court did not implicate any rights under the Interstate Agreement on Detainers. See United States v. Paige, 332 F. Supp. 2d 467, 472 (D.R.I. 2004) ("IAD applies only to prisoners serving a sentence of imprisonment and not to pretrial detainees.").

**impatient substance abuse counseling and treatment program/facility as approved by the U.S. Probation Office; Defendant shall thereafter on supervised release participate in and satisfactorily complete a substance abuse counseling and treatment program, on an inpatient or outpatient basis, as approved by the U.S. Probation Office; and during the term of supervised release, Defendant shall submit to up to seventy-two drug tests per year at such times as are approved by the U.S. Probation Office.**

## Background

On August 23, 2005, Defendant appeared before District Judge Thomas W. Thrash, Jr., Northern District of Georgia, following a guilty plea to possession of a firearm by a convicted felon in violation of Title 18 U.S.C. § 922(g). Defendant was sentenced to twenty-one months' imprisonment and three years' supervised release. Supervised released commenced on April 27, 2006 with an expiration date of April 26, 2009. On June 2, 2006, jurisdiction was transferred from the Northern District of Georgia to the District of Rhode Island.

On March 23, 2007, a supervised release warrant for Defendant's arrest was issued by this Court. Defendant was arrested and appeared in this Court for a supervised release violation hearing on November 30, 2007 at which time Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. Goncalves ingested cocaine as evidenced by his February 23, 2007 positive urine specimen and his admission on this same date.

> **The defendant spend the first three months of supervised release in an inpatient substance abuse counseling and treatment program/facility as approved by the Probation Office.**
>
> Mr. Goncalves entered the Gosnold Residential Drug Treatment Program in Falmouth, Massachusetts on February 23, 2007. After having received permission to temporarily leave the facility on March 15, 2007, he has not returned to complete the program.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case,

Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation. However, since Defendant has already served nine months' imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is fifteen months.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has been a total of nine months' imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the nine months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled

substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed Grade C violations. Therefore, the Court may revoke or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of II at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation and has a Criminal History Category of II. Therefore, the applicable range of imprisonment for this violation is four to ten months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

On September 4, 2003, Defendant was arrested in Bremen, Georgia for stealing five firearms from the display case of a sporting goods department in a local bus depot. Since Defendant had a prior 1999 felony conviction in Rhode Island Superior Court for carrying a pistol without a license, Defendant was indicted for being a felon in possession (18 U.S.C. § 922(g)) as well as for the

firearm theft (18 U.S.C. § 922(u)). Defendant is a native of Pawtucket and had moved to Bremen, Georgia to be with his girlfriend and their two young children. At the time of the firearm thefts, Defendant was apparently waiting for a Greyhound bus to head back north and reported that he had drank twelve cans of beer while waiting for the bus and prior to the thefts. Defendant has a history of drug and alcohol abuse.

Defendant entered into a plea agreement in the Georgia case and plead guilty to the felon in possession charge. The firearm theft charge was dismissed. The original pre-sentence report indicated a guideline range of thirty-three to forty-one months. Ultimately, based on the arguments of defense counsel, District Judge Thrash applied a guideline range of twenty-one to twenty-seven months and sentenced Defendant to the low end, i.e., twenty-one months.

Defendant was released from incarceration on April 27, 2006 and his first contact with Probation in this District was on May 2, 2006. Defendant did not make a good first impression. Defendant tested positive for cocaine and marijuana on that day, and later failed to report for urine screens on May 8 and 18 suggesting continued drug use. Defendant was referred to outpatient substance abuse treatment by his Probation Officer and failed to follow through. Defendant then left his parents' Pawtucket residence and cut off contact with his Probation Officer who did not know Defendant's whereabouts.

Ultimately, Defendant fled a traffic stop on May 17, 2006 by absconding with a police cruiser and was a fugitive for one week. Defendant admitted to a supervised release violation based on this behavior. He received a mid-range violation sentence of nine months to be followed by twenty-seven months of supervised release. The first three months of supervised release were

ordered to be served in an inpatient drug treatment program. Defendant was released on February 20, 2007 and almost immediately used cocaine. He entered inpatient drug treatment on February 23, 2007. On March 15, 2007, Defendant was allowed to leave for a state court appearance and never returned. Defendant also again cut off contract with his Probation Officer who did not know his whereabouts.

At the hearing, Defendant admitted to these new violations and expressed remorse to the Court. Defendant's counsel argued for a six-month sentence retroactive to July 13, 2007 – the date when a federal detainer was lodged against Defendant at the ACI based on the warrant in this violation case. The Government seeks a maximum ten-month sentence to be followed by seventeen months' further supervised release with special conditions. The applicable guideline range for incarceration is four to ten months.

One thing is clear in this case. Defendant has a serious drug addiction which is at the root of his problems and which he has been unable or unwilling to address with available treatment. Defendant has twice failed miserably while on supervised release. On both occasions, he failed to even complete one month of supervised release without incident.

At the hearing, Defendant expressed a sincere desire to take advantage of drug treatment and admitted that leaving treatment in March was a mistake. Defendant made similar statements at his first violation hearing. Only time will tell if Defendant is actually willing and able to address and control his drug addiction.

Although Defendant should be given some "credit" for his admission, acceptance of responsibility and expressed remorse, this is the second time that Defendant has blatantly

disregarded his conditions of supervision. His behavior cannot be condoned and another nine-month sentence (giving Defendant one-month credit for his acceptance of responsibility) is warranted to be followed by eighteen months' supervised release with the special conditions noted. Defendant's counsel's request for a sentence retroactive to July is not warranted. Any delay in Defendant's appearance in this Court is solely his own fault. Defendant was held at the ACI on unrelated matters of his own doing. He should not be rewarded for that fact by cutting his violation sentence nearly in half.

## Conclusion

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of nine (9) months of incarceration, followed by a term of supervised release for a period of eighteen (18) months. In addition, Defendant shall spend the first three months of supervised release in an impatient substance abuse counseling and treatment program/facility as approved by the U.S. Probation Office; Defendant shall thereafter on supervised release participate in and satisfactorily complete a substance abuse counseling and treatment program, on an inpatient or outpatient basis, as approved by the U.S. Probation Office; and during the term of supervised release, Defendant shall submit to up to seventy-two drug tests per year at such times as are approved by the U.S. Probation Office.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b), LR CR 57.2. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the

District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 30, 2007