UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 06-68S |
| | : | |
| JOSEPH T. GONCALVES | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a preliminary revocation hearing was held on April 22, 2009, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing. Based upon the following analysis and the admission of Defendant, **I recommend that Defendant be committed to the Bureau of Prisons for a term of eight months of incarceration.**

**Background**

On August 11, 2008, the Probation Office petitioned the Court for the issuance of a warrant for Defendant's arrest. On August 12, 2008, the District Court ordered the issuance of a warrant. Defendant was arrested and appeared in Court on April 6, 2009 for a preliminary hearing. A

subsequent hearing was held on April 22, 2009 at which time Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **For the first three months of supervised release the defendant shall participate in and satisfactorily complete a residential treatment program for substance abuse as approved by the U.S. Probation Office.**
>
> On August 4, 2008, Mr. Goncalves was discharged from the Stephen Miller House after violating the program policy.
>
> **The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer.**
>
> Subsequent to being discharged from the Stephen Miller House on August 4, 2008, Mr. Goncalves was instructed to report to the U.S. Probation Office on August 5, 2008. Mr. Goncalves failed to report.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release. Defendant entered into a plea agreement with the Government in which the parties agreed to a joint sentencing recommendation and to the dismissal of the following charge:

> **The defendant shall not commit another federal, state or local crime.**
>
> On January 26, 2009, Joseph Goncalves committed the offense of Attempted Breaking and Entering and Conspiracy in Pawtucket, Rhode Island.

### Recommended Disposition

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the

maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation. However, since the defendant has already served sixteen months' imprisonment as a result of one or more previous revocations, the statutory maximum term of imprisonment remaining is eight months.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon

revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has been a total of sixteen months' imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the sixteen months previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade B violation. Therefore, the Court shall revoke supervised release.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be

satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Pursuant to Section 7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of II at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation and has a Criminal History Category of II. Therefore, the applicable range of imprisonment for this violation would be four to eight months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

## Offender's Characteristics

Not a lot needs to be said about this violation case. This is Defendant's third violation case since 2006. Senior Judge Torres imposed a nine-month violation sentence in 2006 and a seven-month violation sentence in early 2008. Defendant has a drug addiction and failed to use the resources of supervised release to try to address his addiction. He has disregarded the rules of supervised release and has continued to engage in criminal behavior.

By statute, the maximum violation sentence that can be imposed is eight months. The parties, pursuant to their plea agreement, jointly propose the eight-month maximum. Given Defendant's dismal record of compliance, I concur and so recommend. The violations admitted to by Defendant are Grade C violations with a guideline range of four to eight months. He was originally charged with an additional Grade B violation with a guideline range of six to twelve months. However, the statutory maximum for violation sentences in this case is twenty-four months

and Defendant has already served sixteen months – leaving a maximum exposure in this violation case of eight months. Thus, the parties agreed to dismiss the Grade B violation and to jointly recommend the eight-month maximum on the Grade C violation. This plea agreement results in the same maximum sentence and is a reasonable resolution of this case. Finally, given Defendant's long history of noncompliance and the fact that this recommended sentence would "max" him out, I do not recommend any further supervised release after Defendant completes this final eight-month violation sentence.

### Conclusion

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that Defendant be committed to the Bureau of Prisons for a term of eight months of incarceration.** Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 24, 2009